Dolberry v. Silvernail

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand fifteen.

PRESENT:
> **JON O. NEWMAN,**
> **DENNIS JACOBS,**
> **REENA RAGGI,**
> > *Circuit Judges.*

_____

**Andre Dolberry,**

> *Plaintiff-Appellant*,

> v.

**Correction Officer Silvernail, et al.,**

> *Defendants-Appellees*.

_____

|  |  |
| --- | --- |
| **FOR PLAINTIFF-APPELLANT:** | Andre Dolberry, *pro se*, Dannemora, New York. |
| **FOR DEFENDANTS-APPELLEES:** | Eric T. Schneiderman, Attorney General of the State of New |

14-1284 (L);
14-2935 (Con)

York, Barbara D. Underwood, Solicitor General, Andrew Ayers, Martin B. Hotvet, Assistant Solicitors General, of Counsel, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.* ; Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Appellant Andre Dolberry, proceeding <u>pro se</u>, appeals the District Court's judgment dismissing his 42 U.S.C. § 1983 complaint as a sanction for misrepresenting his litigation history. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's imposition of sanctions under Federal Rule of Civil Procedure 11 for abuse of discretion. *See Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). However, when, as here, "the court issues sanctions *sua sponte* without offering the offender the opportunity to withdraw the offending submission, our review is more exacting than under the ordinary abuse-of-discretion standard." *Id.* (internal quotation marks omitted). The court may impose sanctions *sua sponte* if it finds that a litigant acted in subjective bad faith. *Id.* A court's determinations that a litigant made a false statement and that the statement was made in bad faith are findings of fact "that will not be disturbed unless clearly erroneous." *SEC v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013).

Acting upon a Report and Recommendation ("R&R") of the Magistrate Judge, the District Court (David Hurd, District Judge) dismissed Dolberry's complaint because of "his material

misrepresentation to the court, under oath, that he has not brought any prior actions relating to his imprisonment." The R&R listed seven cases that Dolberry had filed in district courts within this Circuit. *See* R&R at 11-12 n.8. On appeal, Dolberry does not deny that he answered "No" to the question on the form complaint asking "Have you begun any other lawsuits in federal court which relate to your imprisonment?" He contends, however, that for either of two reasons his "No" answer was not false.

First, as he informed the District Court in opposition to the Defendants' motion for summary judgment, he understood the question to ask whether he had filed other lawsuits "related to the reasons of his imprisonment." Second, he states in his brief on appeal that because the question referred to imprisonment in the "singular," he thought it inquired only about "the imprisonment one is recently lock [*sic*] up for."

Viewing these contentions in isolation, a fact-finder might reasonably decline to credit them, although they are not fanciful. Concerned that the wording of the question might have appeared sufficiently ambiguous to a *pro se* litigant to have elicited a truthful "No" answer, we have examined the prior litigation questions and responses on the seven complaints enumerated in the R&R (No. 1, 98-CV-8572 (SDNY, filed Dec. 4, 1998); No. 2, 99-CV-1087 (SDNY, filed Feb. 16, 1999); No. 3, 99-Civ-1088 (SDNY, filed Feb. 16, 1999); No. 4, 99-CV-2235 (SDNY, filed Mar. 25, 1999); No. 5, 99-Civ-5774 (SDNY, filed July 21, 1999); No. 6, 02-CV-6418 (WDNY, filed Aug. 6, 2002); No. 7, 06-CV-6452 (WDNY, filed Sept. 7, 2006)). Taking judicial notice of these publicly filed documents, *see Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006), we note the following questions and Dolberry's responses:

3

In four of the five lawsuits filed in the Southern District of New York (Nos. 1,2,4,and 5), Dolberry used a printed form that asked: "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?" In Nos. 1, 4, and 5, he answered "Yes," and in No. 2, he answered "No." No. 3, also filed in the Southern District, and Nos. 6 and 7, filed in the Western District, were handwritten and contained no question or answer concerning prior litigation.

The fact that Dolberry answered "Yes" three out of the four times that he was asked a question similar to the one to which he answered "No" in the pending litigation is persuasive evidence supporting his contention that he believed a "No" answer was truthful on the theory that the question inquired about the reasons for his imprisonment. Apparently he answered "Yes" in the prior lawsuits because the question asked not only about lawsuits "relating to your imprisonment" but also about "other lawsuits dealing with the same facts involved in this action." Dolberry had filed such lawsuits and furnished details as required.[1] In light of his previous responses, it cannot fairly be said that his "No" answer to an arguably ambiguous question in the pending case supports a finding of subjective bad faith.

Under these circumstances, the *sua sponte* dismissal of Dolberry's pending lawsuit for what the Magistrate Judge and the District Court Judge thought was a false answer to the prior litigation question cannot stand. We note, however, that the Magistrate Judge recited additional reasons for recommending dismissal of the current lawsuit, *see* R&R at 16 n.13. We will therefore remand to the District Court to reconsider the matter in light of this Order and either document a sufficient basis for dismissal or turn directly to the Magistrate Judge's alternative

_____

1. There is arguable force to Dolberry's point that he would be unlikely falsely to deny filing prior cases that could readily be located by checking his name in an electronic database of lawsuits.

4

recommendation to grant in part and deny in part the Defendants' motion for summary judgment, *see* R&R at 47.

Finally, we have taken the opportunity to examine the litigation history question on the form complaints for prisoners' civil rights complaints under 42 U.S.C. § 1983 currently in use in five of the six districts of this Circuit, set forth in the margin,[2] and note their differences and arguable ambiguity. If a question is intended to elicit the filing of prior lawsuits concerning alleged misconduct in prison, consideration might be given to including a phrase such as "lawsuits concerning anything that occurred while you have been incarcerated." The Clerk is requested to send a copy of this Order to the Chief Judges of each District Court in this Circuit for their consideration and such action, if any, as they may deem appropriate with respect to the wording of relevant forms.

Reversed and remanded for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

2. D. Conn.: "1. Have you begun lawsuits in state or federal court dealing with the same facts involved in this action? 2. If you have filed other lawsuits in this court in the last ten (10) years that are not related to the acts complained of in [section dealing with pending cause of action], please list them."

E.D.N.Y.: "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?"

N.D.N.Y.: "Have you ever filed any other lawsuits in any state and [*sic*] federal court relating to your imprisonment?"

S.D.N.Y.: "A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?"

W.D.N.Y.: "A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**? B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?"

D.Vt. has no printed form.

5